UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR MORAZA, | ) | 1:07-cv-01226-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATING THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS (Doc. 9) |
| | ) | |
| KEN CLARK, | ) | ORDER DIRECTING THAT PETITIONER |
| | ) | FILE A RESPONSE WITHIN THIRTY DAYS |
| Respondent. | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 23, 2007, Petitioner filed a Request for Equitable Tolling and to File Late Petition For Writ of Habeas Corpus For a Person in State Custody in the Sacramento Division of this Court. (Doc. 1). The Clerk of Court apparently interpreted the request as a petition for writ of habeas corpus and opened a case based upon that filing. On June 19, 2007, the Court ordered Petitioner to file a new petition within thirty days. (Doc. 8). On July 19, 2007, Petitioner filed the instant amended petition. (Doc. 9). On August 23, 2007, the case was transferred to the Fresno Division and assigned to this Court. (Doc. 10). The Court has conducted a preliminary review of the petition and has determined that it is untimely and therefore should be dismissed.

///

///

1

DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-1042.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 325 - 327, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (holding that the AEDPA only applicable to cases filed after statute's enactment).   The instant petition was filed on April 23, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on March 30, 2004. He appealed his conviction and the petition for review was denied by the California Supreme Court on November 22, 2005. Thus, direct review would conclude on February 20, 2006, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from February 20, 2006, or until February 20, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on April 23, 2007, sixty-two days *after* the one-year period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

  C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

3

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); Fail v. Hubbard, 272 F.3d 1133, 1134 (9th Cir. 2001).

      Here, Petitioner has indicated that he filed a state habeas petition in the Superior Court for the County of Kings, but he lists no dates for the filing of that petition or the denial of the petition.  Because the Court is unable to determine the period during which any such petition would have been pending, the Court is unable to determine whether Petitioner would be entitled to sufficient tolling to compensate for the sixty-two day delay in filing, thus making the instant petition timely.

      D.  Equitable Tolling

      The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006)(citing Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d at 1283).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(citations omitted).  A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

///

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

Petitioner has alleged his entitlement to equitable tolling in his original filing. (Doc. 1). Petitioner alleges that he is a layman unskilled in the law, that he does not speak English well, that he was unaware of the AEDPA one-year limitations period, that he "did not intentionally miss his AEDPA deadline" and that the interests of justice support equitable tolling. (Doc. 1, pp. 1-4). Petitioner also contends that his prison was in "lock down" during some or all of the limitations period. (Id. at p. 3).

Petitioner's claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714-715 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Moreover, unpredictable lockdowns or the consequent law library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. For these reasons, this Court finds that the lockdowns and limited library access do not warrant equitable tolling in this case. See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Such circumstances are *not* extraordinary and do not justify equitable tolling. Contrary to Petitioner's contentions, if limited resources and legal knowledge were an excuse for not complying with the limitations period

5

Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems. Thus, the Court does not find circumstances justifying equitable tolling.

Petitioner will, however, be given an opportunity, in his Response to this Order to Show Cause, to present further documentation regarding his entitlement to *statutory* tolling. Petitioner should provide the dates of filing <u>and</u> dates of decision, as well as the names of the courts, in which he has filed <u>any</u> state habeas petitions challenging his March 30, 2003 conviction. If possible, Petitioner should attach photocopies of the decisions by those courts. The Court will then consider whether a sufficient showing of entitlement to statutory tolling has been made to make the petition timely.

ORDER

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed.

IT IS SO ORDERED.

Dated: **January 23, 2008**              /s/ Theresa A. Goldner
                                         UNITED STATES MAGISTRATE JUDGE

6