1
2
3
4
5            UNITED STATES DISTRICT COURT

6                EASTERN DISTRICT OF CALIFORNIA

7
VICTOR MORAZA,                    )    1:07-cv-01226-LJO-TAG HC
8                                 )
                  Petitioner,     )    FINDINGS AND RECOMMENDATIONS
9                                 )    TO GRANT RESPONDENT'S MOTION TO
      v.                          )    DISMISS AMENDED PETITION FOR WRIT
10                                )    OF HABEAS CORPUS
                                  )    (Doc. 19)
11   KEN CLARK,                   )
                                  )    ORDER DIRECTING THAT OBJECTIONS
12                Respondent.     )    BE FILED WITHIN 15 DAYS
                                  )
13   _____)

14                    PROCEDURAL HISTORY

15         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.  On April 23, 2007, Petitioner filed a pleading titled "Request For

17   Equitable Tolling And To File Late Petition For Writ of Habeas Corpus For A Person In State

18   Custody" in the Sacramento Division of this Court.  (Doc. 1).  The Clerk of Court apparently

19   interpreted the request as a petition for writ of habeas corpus and opened a case based upon that

20   filing.  On June 19, 2007, the Court ordered Petitioner to file a new petition within thirty days.

21   (Doc. 8).  On July 12, 2007, Petitioner filed the instant petition, which was docketed as an "amended

22   petition."  (Doc. 9).  On August 23, 2007, the case was transferred to the Fresno Division.  (Doc. 10).

23   The Court conducted a preliminary review of the petition and determined that it may be untimely,

24   and issued an order to show cause why the petition should not be dismissed as untimely.  (Doc. 15).

25         On February 21, 2008, Petitioner filed a response to the order to show cause, in which he

26   alleged entitlement to additional statutory tolling for state habeas petitions he had filed.  (Doc. 16).

27   However, Petitioner failed to provide any specific support of documentation establishing entitlement

28   to such statutory tolling.  Accordingly, the Court ordered Respondent to file a response.  (Doc. 17).

1

1   On August 22, 2008, Respondent filed the instant motion to dismiss.  (Doc. 19).  Petitioner did not

2   file a response to the motion.

3                                              DISCUSSION

4          A.  Procedural Grounds for Motion to Dismiss

5          As mentioned, Respondent has filed a motion to dismiss the petition as being filed outside

6   the one-year limitation period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules

7   Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

8   the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the

9   district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

10         The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

11  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

12  state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)(using Rule

13  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

14  F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review motion to dismiss

15  for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982)

16  (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the

17  court should use Rule 4 standards to review the motion.

18         Here, Respondent's motion to dismiss is based on a violation of § 2244(d)(1)'s one-year

19  limitation period.  Because Respondent's motion is similar in procedural standing to a motion to

20  dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not

21  yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under

22  Rule 4.

23         B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

24         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

26  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059

27  (1997).  Because this action was commenced in 2007, the instant petition is subject to the AEDPA

28  limitation period.

1        The AEDPA imposes a one-year limitation period on petitioners seeking to file a federal

2   petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

3   reads:

4          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
5          limitation period shall run from the latest of –

6              (A) the date on which the judgment became final by the conclusion of direct
        review or the expiration of the time for seeking such review;
7
              (B) the date on which the impediment to filing an application created by
8   State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;
9
              (C) the date on which the constitutional right asserted was initially recognized by
10   the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or
11
              (D) the date on which the factual predicate of the claim or claims presented
12   could have been discovered through the exercise of due diligence.

13          (2) The time during which a properly filed application for State post-conviction or
        other collateral review with respect to the pertinent judgment or claim is pending shall
14   not be counted toward any period of limitation under this subsection.

15   28 U.S.C. § 2244(d).

16        In most cases, the limitation period begins running on the date that the petitioner's direct

17   review became final.  Here, the Petitioner was convicted on March 30, 2004.  He appealed his

18   conviction and the petition for review was denied by the California Supreme Court on November 16,

19   2005.  (Doc. 19, Lodged Documents ("LD") Exh. B).   Thus, direct review would have concluded on

20   February 15, 2006, when the ninety-day period for seeking review in the United States Supreme

21   Court expired.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d

22   345, 347 (8th Cir.1998).  Petitioner would then have one year from February 16, 2006, or until

23   February 15, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas

24   corpus.[1]

25   _____

26          [1]Respondent's motion to dismiss contends that the one-year period commenced on November 1, 2005.  (Doc. 19,
   p. 3).  However, Respondent's conclusion stems from the mistaken notion that "[t]he *California Supreme Court* affirmed the
27   judgment on direct appeal by opinion filed August 2, 2005.  Therefore the conviction became final...on the ninetieth day
   following issuance of the Opinion...."  (Id.)(Emphasis supplied).  According to Respondent's own documents submitted in
28   support of the motion to dismiss, it was the *Court of Appeal's* opinion that was issued on August 2, 2005.  (LD Exh. A).  The
   California Supreme Court did not issue an opinion on the merits of Petitioner's appeal; rather, it denied review.  (Id., Exh.

1    As mentioned, Petitioner's initial pleading in this habeas action was filed on April 23, 2007,

2    sixty-seven days *after* the one-year period expired.  Thus, unless Petitioner is entitled to statutory or

3    equitable tolling, the petition is untimely and must be dismissed.

4    C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

5    Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

6    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

7    2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

8    governing filings, including the form of applications and time limitations.  Artuz v. Bennett, 531

9    U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that "a California

10   petitioner 'completes a full round of [state] collateral review,'" so long as there is no unreasonable

11   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

12   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations

13   omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

14   536 U.S. 214, 220, 222-226 , 122 S. Ct. 2134 (9th Cir. 2002); see also, Nino v. Galaza, 183 F.3d

15   1003, 1006 (9th Cir. 1999).

16   Nevertheless, there are circumstances and periods of time when statutory tolling is not

17   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

18   appeal and the filing of an application for post-conviction or other collateral review in state court,

19   because no state court application is "pending " during that time.  Nino, 183 F. 3d at 1006-1007.

20   Similarly, no statutory toling is allowed for the period between finality of an appeal and the filing of

21   a federal petition.  Id. at 1007.  In addition, the limitation period is not tolled during the time that a

22   federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120

23   (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001).  Further, a petitioner is not

24   entitled to statutory tolling where the limitation period has already run prior to filing a state habeas

25   petition.  Ferguson v. Palmateer, 321 F. 3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit

26   the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez

27

28   B).  Thus, as discussed, the one-year period would commence ninety days after the California Supreme Court denied review
     on November 16, 2005.

4

1   v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous

2   tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F. 3d

3   1165, 1167 (9th Cir. 2006).

4          Here, Respondent has submitted documents indicating that Petitioner, through counsel, filed

5   a state habeas petition in the Superior Court for the County of Kings on November 21, 2005.  (LD

6   Exh. C).  That petition was denied on December 1, 2005.  (LD Exh. D).  Thus, the petition was

7   pending for a total of eleven days.  However, the petition was denied *before* the one-year period even

8   commenced on February 15, 2006.  A tolling provision has no applicability where the period to be

9   tolled has not commenced.  See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), abrogated on

10  other grounds, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999)(state collateral action filed before

11  commencement of limitations period does not toll the limitation period), affirmed, 531 U.S. 4.

12         Subsequently, Petitioner filed a petition in the California Supreme Court, pro se, on July 10,

13  2007.  (LD Exh. E).[1]  The California Supreme Court denied the petition on January 8, 2008.  (LD

14  Exh. F).  As discussed above, a petitioner is not entitled to tolling where the limitation period has

15  already run prior to filing a state habeas petition.  Jiminez, 276 F.3d at 482; see Jackson v. Dormire,

16  180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus

17  filed after expiration of the one-year limitation period).  Here, as mentioned, the limitation period

18  expired on February 15, 2007, approximately five months *before* Petitioner filed his state habeas

19  petition in the California Supreme Court.  By the time Petitioner filed his second state petition, he

20  had already filed the instant federal petition in this Court.  Hence, even if the limitation period had

21  not already expired, thus precluding statutory tolling for later-filed state petitions, the second state

22  petition could have no legal tolling effect because his federal petition had already been filed.

23  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for the latter-

24  _____

25         [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
    deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
26  clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379 (1988).  The rule is premised on the pro se prisoner's mailing
    of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse
    to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271.  Here, the Court will afford
27  Petitioner the benefit of the doubt by applying the  "mailbox rule" to determine the filing date of his petition in the California
    Supreme Court.  Petitioner dated his proof of service as July 10, 2007.  Thus, that would be the earliest date he could have
28  submitted the petition to prison authorities for filing.  Accordingly, the Court will analyze this matter as though the petition
    was filed on that date.

1   filed state petition either.   Because Petitioner is not entitled to any statutory tolling, the petition is

2   untimely by sixty-seven days, and unless Petitioner is entitled to equitable tolling for that period of

3   time, the petition must be dismissed.

4          D.  Equitable Tolling

5          The limitation period is subject to equitable tolling when "extraordinary circumstances

6   beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland,

7   410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

8   external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

9   claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d

10  1104, 1107 (9th Cir. 1999).  In most instances, a petitioner seeking equitable tolling has "the burden

11  of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

12  extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

13  1807 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

14  the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(internal

15  quotation marks and citation omitted).  As a consequence, "equitable tolling is unavailable in most

16  cases." Miles, 187 F. 3d at 1107.

17         Petitioner addresses equitable tolling in his original filing and his amended petition.  (Docs.

18  1, 9).  In his original filing, Petitioner alleges that he is a layman unskilled in the law, that he does

19  not speak English well, that he was unaware of the AEDPA one-year limitation period, that he "did

20  not intentionally miss his AEDPA deadline" and that the interests of justice support equitable tolling.

21  (Doc. 1, pp. 1-4).  Petitioner also contends that his prison was in "lock down" during some or all of

22  the limitation period.  (Id. at p. 3).  In his amended petition filed July 12, 2007, Petitioner reiterates

23  that he does not understand English well, is not an attorney, has no legal expertise, and alleges that

24  his appellate  attorney "failed to inform him of his status in the courts."   (Doc. 9, p. 1).

25         Petitioner's claims of ignorance of the law and inability to speak English fluently are

26  insufficient to justify equitable tolling.  See Raspberry v. Garcia, 448 F. 3d 1150, 1154 (9th Cir.

27  2006)("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

28  circumstance warranting equitable tolling.").  In Mendoza v. Carey, the Ninth Circuit concluded that

"a non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translations from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F. 3d 1065, 1071 (9th Cir. 2006); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Here, Petitioner has failed to make such a showing. Moreover, unpredictable lockdowns or the consequent law library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Finally, Petitioner's allegation that his appellate attorney "failed to inform him of his status in the courts" does not justify equitable tolling, because Petitioner has failed to explain, let alone establish, how his attorney's conduct prevented Petitioner from filing a timely federal petition in any event. See Lawrence v. Florida, 549 U.S. 327, 336-337, 127 S. Ct. 1079 (2007)("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."); see also Frye v. Hickman, 273 F. 3d 1144, 1145-1146 (9th Cir 2006)(attorney's miscalculation of the limitation period and negligence in general do not warrant equitable tolling); Miranda v. Castro, 292 F. 3d 1063-1068 (9th Cir. 2002)(same).

1    In sum, Petitioner has failed to establish that he acted diligently in pursuing federal habeas

2   relief or that an extraordinary circumstance prevented him from filing a timely federal petition.

3   Petitioner is not entitled to equitable tolling.

4                                   RECOMMENDATIONS

5    Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss

6   (Doc. 19), be GRANTED and that the amended petition for writ of habeas corpus (Doc. 9) be

7   DISMISSED as untimely under 28 U.S.C. § 2244(d).

8    These findings and recommendations are submitted to the United States District Judge

9   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

10  Local Rules of Practice for the United States District Court, Eastern District of California.

11  Within fifteen (15) days after being served with a copy, any party may file written objections with the

12  court and serve a copy on all parties.  Such a document should be captioned "Objections to

13  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and

14  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

15  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

16  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

17  the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  IT IS SO ORDERED.

20  Dated:   **January 20, 2009**                              **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

8